IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD DAVID PETERSON #127173 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv417 |
| GREGG COUNTY SHERIFF OFFICE, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Richard David Peterson, an inmate of the Gregg County Jail proceeding *pro se*, brought claims pursuant to 42 U.S.C. § 1983 alleging violation of his civil rights in jail, which were severed from a previous lawsuit. *See* Report and Recommendation at 6–8, *Peterson v. Gregg County Sheriff Office*, No. 6:23-341 (E.D. Tex. Aug. 11, 2023). The new case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Alleged Facts and Status**

Plaintiff alleges that Defendant C/O J. Mason informed other inmates that Plaintiff is charged with harming and killing an infant, causing Plaintiff to be beaten repeatedly by other inmates. (Dkt. #6-1 at 2.) By separate order, the Court is requiring a response from Defendant Mason on the claims against him.

Plaintiff also sues the Gregg County Sheriff's Office and Gregg County Sheriff Maxey Cerliano for "allowing to let his staff to have others hurt me." (Dkt. #6 at 3.) Plaintiff seeks relief including $3 million. (*Id.* at 4.)

**II. Legal Standards and Preliminary Screening**

Plaintiff is an inmate seeking redress from governmental entities and is also proceeding *in forma pauperis*, so his complaint is subject to screening under 28 U.S.C. §§ 1915A(b) and 1915(e)(2). Those statutes provide for *sua sponte* dismissal of any claim if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows

the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

As mentioned above, the Court is requiring Defendant Mason to respond to Plaintiff's claims against him. However, Plaintiff also sues the Gregg County Sheriff's Office and the Sheriff himself, which require separate consideration.

A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. A sheriff's department in Texas is not a jural entity subject to suit. *See, e.g., Crocker v.*

3

*Smith*, No. 6:21-CV-00046, 2021 WL 4954324, at *1 (E.D. Tex. Oct. 25, 2021) (granting motion to dismiss "with respect to the Smith County Sheriff's Department because it is not a jural entity subject to suit under § 1983"); *Gage v. Valdez*, No. 3:16-CV-1360-B-BH, 2017 WL 4465765, at *2 (N.D. Tex. Aug. 21, 2017) (finding that the Dallas County Sheriff's Department is a non-jural entity). Accordingly, Plaintiff fails to state any viable claim against the Gregg County Sheriff's Department.

Further, Plaintiff does not allege that Defendant Cerliano was involved in, present for, or in any way condoned or ratified Defendant Mason's alleged misdeeds. To the extent Plaintiff sues Cerliano simply because of his supervisory roles as Sheriff, he fails to state a claim against him under Section 1983. Lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable only if he is personally involved in a constitutional deprivation, a causal connection exists between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987). Plaintiff here does not allege any facts that would satisfy that standard. Even assuming that Plaintiff complained to Cerliano about Mason, a defendant's awareness of an alleged misdeed after the fact is insufficient to make them liable for it. *See Blakely v. Andrade*, 360 F. Supp. 3d 453, 489 (N.D. Tex. 2019) (receiving letters and grievances about alleged violation "does not rise to the required level of personal involvement for liability").

**IV. Conclusion**

For the reasons set forth above, Plaintiff's amended complaint fails to state a claim upon which relief can be granted against the Gregg County Sheriff's Office or Sheriff Cerliano.

RECOMMENDATION

Accordingly, the undersigned recommends that the Gregg County Sheriff's Office and Sheriff Maxey Cerliano be dismissed from this action pursuant to 28 U.S.C. §§ 1915A(b) 1915(e)(2).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 14th day of February, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

5