UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00417

**Richard David Peterson,**
*Plaintiff,*
v.
**Gregg County Sheriff Office et al.,**
*Defendants.*

**O R D E R**

Plaintiff Richard David Peterson, an inmate of the Gregg County Jail proceeding pro se, filed a complaint alleging violations of his constitutional rights in jail. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b).

All defendants other than Joshua Mason were dismissed by a previous order. Doc. 16. On September 10, 2024, the magistrate judge issued a report recommending that the remainder of plaintiff's case be dismissed without prejudice due to his failure to effect timely service of process upon defendant Mason. Doc. 36. Plaintiff filed a letter, which the court construes to be written objections to the report. Doc. 37.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal because plaintiff has not served the remaining defendant, and the time to do so expired. Doc. 36. As the court previously explained, even when the United States Marshal is ordered to carry out service, it is plaintiff's responsibility to provide defendant's correct address. Doc. 34 at 1–2. The court's reasonable efforts to obtain defendant Mason's address failed when the last known address provided by the Gregg County Sheriff turned out to be no longer valid. *See* Docs. 22, 26, 28, 33.

In his objection, plaintiff confirms that he is unable to determine defendant Mason's address and suggests that the court should have the marshals service locate him through "their computer database or Google or FBI files." Doc. 37 at 1. Plaintiff is mistaken in his belief that the marshal has access to any comprehensive database of the current address of everyone in the country, or that a simple Google search with only a name can produce a current address for defendant. Neither the court nor the marshal has the responsibility or resources to act as plaintiff's investigator in this matter.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. Plaintiff's claims against defendant Mason are dismissed without prejudice for failure to effect timely service. All pending motions are denied as moot.

*So ordered by the court on December 12, 2024.*

J. CAMPBELL BARKER
United States District Judge